IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS. WR-70,664-01 AND WR-70,664-02






EX PARTE RAYMOND EARL JACKSON, Applicant








ON APPLICATION FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W04-55434-MH AND F04-55330-MH IN THE 


 CRIMINAL DISTRICT COURT

FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant's community supervision for
convictions for protective order violations was revoked and he was sentenced to 8 years'
imprisonment in each case. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file notices of appeal after the revocations of his community supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claims of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was fully and properly
advised by counsel about his right to appeal the revocations, whether Applicant executed waivers
of any appeal from the revocations, and whether Applicant was denied his right to a meaningful
appeal because counsel failed to timely file notices of appeal. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the orders granting the continuance shall be sent to this Court. Supplemental transcripts containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 8, 2008

Do not publish